Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3707 | **DATE** | 11/2/2004 |
| **CASE TITLE** | Majid vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss count X and Plaintiff's claim for punitive damages [R. 18-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 - 201 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NAIL MAJID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 3707 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Nail Majid ("Majid") filed an eleven-count First Amended Complaint against the City of Chicago ("City") and other various defendants, alleging violations of Section 1983 (Count I-III), Title VII (Counts IV-VI), Section 1981 (Counts VII- VIII), and the Illinois Civil Rights Act (Count XI). In addition, Plaintiff asserts a claim for indemnification (Count IX) and a claim for intentional infliction of emotional distress (Count X). Plaintiff seeks punitive damages against the City in Counts X and XI. The City argues that it is immune from Plaintiff's claim for intentional infliction of emotional distress ("IIED"), that Plaintiff brought the claim untimely, and that Title VII and the Illinois Human Rights Act preempt the claim. Furthermore, the City has moved to dismiss Plaintiff's claims for intentional infliction of emotional distress and punitive damages.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will only grant a motion to dismiss if "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Jet, Inc. v. Shell Oil Co.,* 381 F.3d 627, 629 (7th Cir. 2004).

## BACKGROUND

The City is a municipality located in the Northern District of Illinois, Eastern Division, within the State of Illinois. (R. 4-1, Am. Compl. ¶ 3.) The City operates and exercises control over the Chicago Police Department ("CPD"). (*Id.* ¶ 3.) During all relevant times, the City employed Plaintiff as an employee of the Chicago Police Department. (*Id.* ¶ 2.)

Plaintiff is an American-Palestinian of Arab decent, practicing the Muslim religion. (*Id.* ¶ 2.) From November of 1999 through September 2002, the City employed Plaintiff as a CPD officer. (*Id.* ¶ 21, 148.) Since the commencement of his employment, Plaintiff's supervisors and fellow police officers subjected Plaintiff to discriminatory and harassing comments and actions. (*Id.* ¶¶ 33-91.) After the September 11th terrorist attacks, Plaintiff alleges that the discriminatory and harassing comments and actions escalated to an intolerable level. (*Id.* ¶ 55.)

Plaintiff alleges that his supervisor, Sergeant James Baker ("Baker") and other CPD officers constantly made discriminatory and harassing comments to Plaintiff. (*Id.* ¶¶ 28-40.) Due to Plaintiff's religion (Muslim) and national origin (American-Palestinian), CPD officers made fun of Plaintiff's religious habits, religious holidays, and the way his name was pronounced. (*Id.* ¶ 34.) In addition, Plaintiff contends that CPD officers referred to individuals of Arab decent as "rag heads," and categorized all Arabs as taxi drivers. (*Id.* ¶ 29.) Plaintiff's

2

superior officers witnessed the discriminatory treatment, and on several occasions, Plaintiff claims that he asked CPD officers and his supervisor, Baker, to stop the offensive and discriminatory comments and actions. (*Id.* ¶¶ 35-42.) Plaintiff contends that Baker participated in the discriminatory treatment. (*Id.* ¶ 49-62.) For instance, after the September 11th terrorist attacks, Plaintiff alleges that Baker gave him a box cutter and told him to "take it with you when you fly again." (*Id.* ¶ 57.) According to Plaintiff, Baker also reprimanded him more strictly and scored him more harshly on evaluations than he did other officers who were not Palestinian or Muslim. (*Id.* ¶¶ 61, 64.) CPD officers made other highly offensive and discriminatory jokes and comments to Plaintiff in the presence of Baker. (*Id.* ¶ 44.)

On March 24, 2004, Plaintiff received a Notice of Right to Sue letter from the Department of Justice and filed his complaint within ninety days. (*Id.* ¶ 20.) Because of the discriminatory and harassing comments and actions of CPD officers, Plaintiff alleges that he has suffered extreme embarrassment, humiliation, emotional distress, and other forms of damage, and Plaintiff continues to suffer. (*Id.* ¶¶ 253-254.)

## ANALYSIS

### I. Statute of Limitations

The City argues that the Illinois Tort Immunity Act ("ITIA") bars as untimely Plaintiff's IIED claim. Plaintiff fails to address this issue in his Response to Defendant's Motion to Dismiss. In Illinois, a plaintiff must commence a civil action against a local entity or any of its employees "within one year from the date that the injury was received or the cause of action accrued." 745 ILCS10/8-101. *See Fender v. Town of Cicero*, 347 Ill.App.3d 46, 52, 283 Ill.Dec.1, 807 N.E.2d (1st Dist. 2004); *Ericksen III v. Vill. of Willow Springs*, 279 Ill.App.3d 210,

3

215, 213 Ill.Dec. 805, 660 N.E.2d 62 (1st Dist. 1995). Plaintiff pleads his IIED claim by alleging acts which occurred between April 2001 and September 2002. *See* (R. 4-1, Am. Compl. ¶ 148, 249, 250.) Plaintiff should have filed a timely complaint by September 2003. Plaintiff, however, filed his original complaint on May 28, 2004, after the one-year limitation period in section 8-101 had expired. Accordingly, the one-year statute of limitation bars Plaintiff's IIED claim.[1]

## II. Punitive Damages.

Plaintiff seeks punitive damages in Count XI which alleges a violation of the Illinois Civil Rights Act of 2003. Plaintiff argues that the Illinois Civil Rights Act of 2003 allows courts to award punitive damages to prevailing plaintiffs in race or national origin discrimination claims. The Illinois Civil Rights Act of 2003, however, did not become effective until January 1, 2004. *See* 2003 Ill. Legis. Serv. 93-425 (West). In Plaintiff's First Amended Complaint, he alleges that the discrimination occurred between April 2001 and September 2002, which was before the Civil Rights Act became effective. (R. 4-1, Am. Compl. ¶ 148, 249, 250.) "Where the legislature has clearly indicated a statute's temporal reach, the Court must adhere to it absent constitutional violation." *Nicol v. Lavin*, 2004 WL 1881786 at *7 (N.D. Ill. 2004) (citing *Commonwealth Edison Co. v. Will County Collector*, 196 Ill.2d 27, 37, 255 Ill.Dec. 482, 749 N.E.2d 964 (Ill. 2001). Accordingly, Plaintiff's claim for punitive damages pursuant to the Illinois Civil Rights Act of 2003 is dismissed.[2]

---

[1] The Court need not address Defendant's remaining arguments.

[2] For the first time in its reply, Defendant raises the argument that Count XI fails in its entirety. The Court will not consider arguments raised for the first time in the reply. *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. 1990).

4

## CONCLUSION

The Court dismisses Plaintiff's IIED claim (Count X) and Plaintiff's claim for punitive damages in Count XI.

Dated: November 2, 2004

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge